The next case today is case number 21-1973, United States v. Jason D. Boudreau. Will Attorney Pratt please come up to the podium and introduce yourself? Good morning. My name is Jeremy Pratt. I am the attorney for the appellant Jason Boudreau. I wish to reserve one minute for rebuttal. You may. Thank you. Mr. Boudreau's plea agreement did not apply to the condition of supervised release that allowed for suspicionless searches. The plea agreement had very narrow wording that should be read to exclude the application to conditions of supervised release. This court has found that a waiver of appeal precludes only those appeals that fall within the appeal waiver scope. The plea agreement in this case uses the specific language of an imprisonment and does not use the more general term sentence, nor does it discuss terms of supervised release or suspicionless searches. The lower court failed to sufficiently articulate its rationale in deciding to impose this condition and instead spoke in generalities that limit this court's ability to provide meaningful review. The suspicionless condition is a greater deprivation of liberty than is necessary, and its objectives are fully obtainable through searches and reasonable suspicion. It should be noted that this issue was reserved at the lower court and, therefore, an abuse of discretion. Can I just make sure I understand it? Yes. Because we've got two different documents, which I sometimes find myself confused by. There's the plea agreement and there's the plea waiver. Yes. Okay. You're now talking about the plea agreement or the waiver? I'm talking about the plea agreement in regards to the suspicionless search supervised release condition. Okay. And with respect to the plea agreement, you're saying there's no reference to sentence in the plea agreement, there's just a reference to imprisonment? That's correct. And then in the plea waiver, the waiver of the right to appeal, you're saying then is of no relevance to the question you're raising about the conditions because the conditions are simply not within the scope or ambit of the plea agreement? That's correct. And I guess the idea is if that were a debatable proposition, it would be one thing, but you're saying it's just not debatable because it only says imprisonment and there's no way to read conditions to be within the scope of imprisonment? Or are you saying that even if it's debatable, we still have to decide that scope question first? Not to be bold, but I'm saying the first one, which is it's not even debatable. Imprisonment means a period of incarceration, and that should not include the exact opposite of imprisonment, which is a period of supervised release. So to suggest the two could be right. How would the plea agreement work then with respect to the conditions then? I'm just trying to understand what the agreement would mean. May I ask just to make sure I understand your question? Yeah. Are you asking what should be in the plea agreement to make sure that this issue does not come up? No, no, no. Assuming that we read the agreement your way. So the agreement is I'll plead guilty if you give me X amount of prison time. Yes. And then what is the significance then of the, in your view, what then happens when conditions are then imposed on top of the imprisonment that weren't within the scope of the plea agreement itself? It allows the defendant appellant to appeal, and that appeal is not subject to appeal. And then you say the appeal waiver just doesn't speak to that because it only speaks to the things within the scope of the plea agreement itself? Yes. So we were able to clear or sort of ignore that hurdle of the appeal waiver and get to right to the heart of the issue. And then we would review all those anyway on plain error? That's correct. So maybe just... No, I'm sorry. On an abuse of discretion standard because it was objected to below, regarding the issue of the condition of supervised release. Which one? All of them? All of them were objected to. But we're only raising in this, I meant that generally, but in this specific case we're only challenging the issue of the suspicionless search. Did I actually answer your question? Yeah, I think you did. So you're saying with respect to that challenge, that challenge is on abuse of discretion only because it's a properly preserved challenge and the plea waiver doesn't speak to it at all? Exactly. That was said far more articulate. Okay, well, you helped me get there, so okay. I would move on to the next issue. Well, before you do that, don't you need to explain why it was an abuse of discretion? Otherwise, it doesn't help you to have done all this work to get to that. It was an abuse of discretion because there's a way for a less deprivation of liberty could have been imposed, which is by imposing a search condition that has to have a reasonable suspicion attached to it and that the court chose not to do so in this case. And that the facts of this case do not warrant a suspicionless condition and that a condition with a reasonable suspicion requirement would have been sufficient to obtain all of the objections that the lower court was seeking. But we'd have to conclude that that's just, it was such an egregious conclusion to go the opposite direction, even though it's with approval, right? Am I right about that? Or how does the suspicionless, I guess it's not, that's the contact provision. That's correct. Yeah. A couple of questions. Go ahead, Judge Lentz. I'm sorry. No, go ahead, Judge Lentz. Okay. So in U.S. v. Santiago, we said, we have routinely applied appellate waivers to preclude defendants from appealing their conditions of supervised release, where the waiver extended to the defendant's power to appeal the judgment and sentence. And that was the way I read the waiver of appeal here. But whether it's abuse of discretion review or whether it's plain error under the Teeter factors, there's just a whole lot of case law out there saying there's no Fourth Amendment violation in imposing as a condition of release such searches. It is, in fact, quite commonly done. So then the question becomes, so what's your argument? And I understood your argument to be that the district court was obligated to make some very explicit statement as to why it was imposing these conditions of supervised release. I don't think that's our law, and I think it was pretty clear why the court did so here. So what is your response? My argument, and obviously I would defer to Your Honor and to this court, but my understanding in reading U.S. v. Webster was that this court had required the lower courts to clearly articulate the reasons for the conditions being imposed. And in this case, it was just a wholesale cloth adoption of both the pre-sentence report and the argument by the government. And we are taking the position that it doesn't allow for sufficient review by this court unless if the lower court articulates the reasons why it is adopting specific conditions. Okay. The mere reference by a court to I do so for the reasons stated in two other documents, in your view, is per se error? Well, we're asking for this court to make that conclusion that in order for sufficient appellate review that the lower court should... Well, it might be helpful. Is there something about the incorporated argument, in other words the argument by counsel for the government that the district court is referring to, that's ambiguous or something like that that provides a reason for us to be concerned that we don't know what the real ground the district court relied on imposing the suspicionless search? I'll just give one example. In the footnote one, which is the large footnote that is discussed in regards to the five-level enhancement in regards to past conduct by the appellant, there is inconsistencies in the statements made by the children. There is what I would classify as a recantation in that statement. So when there are opposing... May I finish that one? Yeah. There is an ambiguity as to which statement is the court adopting. And then the last question I have, there was a pro se supplemental brief, which raises a large number of other challenges to supervise conditions. Yes. What are we supposed to do? That's before us and we need to resolve all those as well? Your Honor, that was, as the court notes, was a pro se supplemental brief filed by my client. I would sort of rest my argument on the brief that was submitted by Mr. Boudreau and ask the court to give it its due consideration in reaching its conclusions. Okay. Any further questions? Just one question on a different challenge that you raised with regards to Count 34, which was the count that involved the discovery of images in Connecticut and not in Rhode Island or in this district. But by his decision to plead guilty, wasn't that waived? Your Honor, at this point, I would actually step away from that argument and I would not be pressing that for this court, particularly in light of the government's reply brief in this case. So I don't want to waste your time. Thank you. Thank you. Thank you. Judge Lynch, anything further? No, thank you. Thank you. Attorney Zerrier, please introduce yourself on the record to begin. Good morning. Lauren Zerrier for the United States. May it please the court. The plea agreement in this case met the requirements for having an appeal waiver that encompassed the conditions of supervised release, even if those conditions were not specified in the waiver. The plea agreement stated the maximum sentence possible, which included a period of supervised release. The plea agreement noted that the government reserved its ability to argue for any combination of supervised release conditions and fines as part of the ultimate sentence. And in a number of cases that are cited in the government's brief, this court, yes. Before you get to the cases, just so I get the record, your opponent says the key thing is the plea agreement referred to the imprisonment and not the sentence. And you're saying that that's just too blinkered a view of the text of the plea agreement? Yes, because this court has previously interpreted appeal waivers with the same language to include every part. When it says sentence, it includes every part of a sentence. If I may, I think we just shifted documents. There's the appeal waiver document. That refers to sentence, correct? Yes, in the plea agreement. The appeal waiver is a paragraph in the plea agreement. Correct. Yes. The appeal waiver refers to sentence, correct? Yes. If I'm understanding the argument, the argument is that other than that paragraph, the plea agreement was not an agreement that makes any reference to the conditions of supervised release. Are you disputing that? I dispute that, yes. The plea agreement puts the defendant on notice that conditions of supervised release will be part of his sentence. In the text? In the text of the plea agreement in at least two places. First, if you look at the defendant's appendix at pages 27 and 28, and that's the appendix numbers, not the pages of the plea agreement, in paragraph E on page 27, the plea agreement states that the government is free to recommend any combination of supervised release and fines and other things. So that's one place where the defendant is on notice that the government is going to be arguing for conditions of supervised release. But what about the special conditions? This court has said in a number of cases cited in the government's brief that the plea agreement doesn't have to refer to special conditions specifically in order for the defendant to be put on notice that that may be possible at sentencing. The Brown case, Santiago, those all talk about the fact that special conditions are part of, it's one option as part of supervised release. And as long as the defendant knows that supervised release may have conditions, which he does based on the wording of this plea agreement, he doesn't have to be told specifically that there may be, excuse me, the following special condition options available. When that is coupled... Brown and Santiago are plea waiver cases? Yeah. There are cases where the court, where the defendant argued that the plea agreement didn't include, he wasn't on notice because the plea agreement didn't include any mention of special conditions in it, and therefore he could appeal it. I don't recall offhand whether they had appeal waivers, but it's the same idea. A sentence includes supervised release as part of, as one of the components, and a defendant doesn't need special notice about the various types of supervised release conditions in order to be bound by the terms of his plea agreement. Counsel, you were going to give us two. You gave us one. Yes, the other place. I'm sorry, Your Honor. The other place is page 28, where the plea agreement sets forth the maximum available sentence, which includes both the term of imprisonment plus a maximum lifetime supervised release and a certain amount of fine. And then, of course, those provisions were reviewed with the defendant at the change of plea colloquy. The only thing omitted from the colloquy, as the defendant correctly notes, was that the judge did not advise the defendant that if the judge didn't follow the sentencing recommendation, the defendant wouldn't be able to withdraw a plea. But the defendant doesn't seriously argue that if that error had not been made, he would have chosen to go to trial instead. So I think that's a bit of a make-wait. I think the key here is that the appeal waiver contained within it the conditions of supervised release as well as every other aspect of his sentence. But frankly, Your Honor, even if the appeal waiver were not in place, the government would win on the merits. And there were two sets of objections made by the defendant on appeal. One is to the substance that the agreement violates Fourth Amendment concerns, and the other is a procedural one that the court didn't give its rationale sufficiently. The substance is preserved. So were the court to reach the merits, it would be under discretionary review. However, as I believe Judge Barron noted, the scope of discretionary review for a supervised release condition is really, really against the defendant because it has to be basically so no one would possibly agree with the district court that it was appropriate. And I think the record here is rich with information supporting the position of this supervised release condition, especially since when the defendant was charged with this crime, it was because he was violating a reasonable suspicion condition that had been imposed in a prior case. The procedural objection raised is to the sufficiency of the district court's statement of reasons for why it was imposing the condition. That is reviewed under plain error review because it was not raised below. And I think the district court could not have been more emphatic at the sentencing hearing in adopting the prosecutor's rationale. This is the one part that I just had a little trouble with. Yes. And a lot of this comes from the pro se supplemental brief. Yes. There's a NOLO plea, right? Yes. And then there's a report from DCF or whatever. DCYF, yes. DCYF. That's with respect to the contact misconduct as opposed to the images. Yes. And are we to understand the district court saying because the NOLO plea, it's all true? Is it because there's a report out there? The report is all true? In other words, what is the evidentiary basis for saying that the contact allegations occurred? What's described in footnote one is a statement of facts based on police reports and videotape interview of the child victim, all of which were submitted to the probation officer. There were no objections to the reliability of any of that information. Therefore, the district court was entitled to rely on it. But is there a finding that, like, I believe these things happened? In other words, that's what I'm having trouble with. I don't think there is. The way this lawyer for the government presented it to the district court, it's not the typical thing of, you know, we find there was contact in these instances. And then the judge would say, you know, by a preponderance, I think that's true. Instead, there's a NOLO plea. There's a report. It's got allegations. There's a footnote. Some of the reports, there's a recantation. And then there's the judge saying, I believe what the government said. And then the question is, what is really being said? What are you finding? Several things, Your Honor. In the first place, I think the NOLO plea, per se, is not an indication of reliability, only in that the defendant acknowledged that the state court could have proven, the state government could have proven the charges against him. But that's not what, and I think this was at issue in McCulloch too, that's not what the. . . But that's what I'm saying. How do we know what the district court was relying on? In ways below, you would have a better idea because the district court could have been more explicit. Now we're on plain error. Yes. And I'm just trying to say, what can I deduce it was relying on? I think if you look at the requirements of the statute for the enhancement, the five-level enhancement, that requires sexual contact. And if you look at that footnote in the very first paragraph, it talks about a pattern of penile, vaginal, I think oral, penile contact. That's repeated again two paragraphs later. That satisfies the statute in and of itself. And the recantation was recanted again when she was more fully interviewed in that video. . . And it's not clear and obvious that it wasn't. When the district court is calculating the sentence, I don't remember the page of the transcript. He says, and this is enhanced five levels because of all the conduct discussed in footnote one. Had the defendant had any concern with that. . . I got it, I got it. Could have raised it. Last question. There was in the pro se supplemental brief, there's a challenge to the no contact with a child special condition, correct? Yes. And if I understand it, the challenge there has to do with gender, that it's a prohibition against contact with any children. Well, it's not an absolute prohibition. I understand, subject to. . . Yes. But the challenge is, I just want you to address the merits of it. Yes. Or tell me that we shouldn't be addressing the merits because there's a waiver or something. There's a waiver. Okay, but then if there's not a waiver, a plain error I guess would be. . . If there's not a waiver, it would be plain error. I don't think the defendant could possibly meet the standard here. And especially if there is a problem 15 years down the road when he gets out of prison, he can move in the district court to have the condition modified if his owner is at that point. Thank you, Your Honor. I would ask that you enforce the waiver and dismiss the appeal. Jeremy Pratt, on behalf of the appellant, Jason Boudreau. I will be very brief. I agree with what the government said in regards to footnote one in the PSR, which the court specifically adopted. The problem, though, is, as I mentioned during my argument, that there's inconsistencies that exist even within footnote one. So we are still left back with that original issue, which is the court did not sufficiently articulate its reasons for this court to adequately review it. When there's inconsistencies that it's adopting, we just don't know what it's left adopting. We can't just assume that it's X and Y facts, because those are the ones worse to Mr. Boudreau, when there is also A and B facts as well. It would be surprising if it was relying on A and B in finding contact. Well, in regard, it would be surprising. I will concede that. So the question is, is it clear or obvious that it erred by not articulating its reason? Wouldn't we say implicitly it must have been relying on the unrecanted statements? Your Honor, we're just asking for the opportunity for this court to be able to sufficiently review what the lower court determined, and we don't feel like it's a very high bar if the court is just required to say, I am finding X. Thank you. Thank you. That concludes our argument in this case.